**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-758C

(Filed: November 12, 2015)

```
*****************************  *
                               *
                               *
RICHARD G. FRIES,              *
                               *
                               *
            Plaintiff,         *
                               *
v.                             *
                               *
THE UNITED STATES, et al.,     *
                               *
            Defendants.        *
                               *
*****************************  *
```

**FILED**
**NOV 12 2015**
U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL ORDER

On July 20, 2015, *pro se* Plaintiff Richard Fries filed in this Court a complaint against the state of Florida, private hospitals, and doctors practicing in Florida. Mr. Fries claims damages arising out of botched dental work. He alleges that various doctors committed criminal and tortious acts against him including destruction of two teeth, coercion, extortion, "bait and switch", and "confidence trick." Compl. ¶¶ 1-5, 7-8, 14. Further, he claims that the state of Florida, through Governor Rick Scott, and various hospitals "scam[med]" Mr. Fries, subjected him to improper drug testing, and committed slander. Id. at 1. Mr. Fries does not state when this alleged dental work occurred. He requests $2.5 million dollars in damages.

On August 20, 2015, Defendant filed a motion to dismiss for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. After Mr. Fries missed the September 24, 2015 deadline to respond to Defendant's motion to dismiss, the Court issued a show cause order on October 21, 2015 directing Mr. Fries to file his response and to include a statement explaining why the Court should not dismiss his complaint for failure to prosecute. On November 6, 2015, Mr. Fries filed his response to Defendant's motion to dismiss. For the reasons set forth below, Defendant's motion to dismiss is granted.

Because Mr. Fries is proceeding *pro se*, the Court must liberally construe his pleading to "see if he has a cause of action somewhere displayed." Stroughter v. United States, 89 Fed. Cl. 755, 760 (2009) (internal citation omitted). The Court takes this duty seriously and has reviewed Mr. Fries's complaint carefully; however, it cannot discern a plausible cause of action therein. See, e.g., Rockefeller v. Chu, 471 F. App'x 829, 830 (10th Cir. 2012) ("[A] court may . . . dismiss a complaint under [Federal] Rule [of Civil Procedure] 12(b)(6) for failure to state a claim if it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." (internal quotation omitted)); see also Stroughter, 89 Fed. Cl. at 760 ("Although *pro se* plaintiffs are given some leniency in presenting their case, their *pro se* status does not immunize them from pleading facts upon which a valid claim can rest[.]" (internal citation omitted)).

Although the Court should exercise leniency with respect to mere formalities with a *pro se* party, it may not take a similarly liberal view with jurisdictional requirements. See Nasharr v. United States, 105 Fed. Cl. 114, 117 (2012); accord Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("We agree that leniency with respect to mere formalities should be extended to a *pro se* party, . . . [but] a court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only."). The Tucker Act, 28 U.S.C. § 1491, limits the Court's jurisdiction to civil suits against the United States for money damages not sounding in tort. However, Mr. Fries alleges criminal and tortious wrongdoing by the state of Florida, hospitals, and private individuals. He does not include the United States as a defendant and the Court finds no set of facts in the filed pleadings that demonstrates a claim against the United States, or that falls within this Court's Tucker Act jurisdiction. Thus, the Court finds that any further expenditure of governmental resources in preparing a defense to Mr. Fries's claims would be a waste of public funds.

Accordingly, for the foregoing reasons, Mr. Fries's complaint is dismissed for failure to state a claim upon which relief can be granted and lack of subject matter jurisdiction. The Clerk is directed to dismiss Plaintiff's complaint without prejudice.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge